UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT MITCHELL,** : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION NO. 3:14-0384** |
| v. : | |
| : | **(Judge Mannion)** |
| **PROGRESSIVE PREFERRED** : | |
| **INSURANCE COMPANY,** : | |
| **Defendant** : | |

# MEMORANDUM

## I. INTRODUCTION

Presently before the court is a Motion for Summary Judgment filed on January 14, 2015 by the defendant, Progressive Preferred Insurance Company. (Doc. 13). This motion concerns a dispute over an insurance claim resulting from an automobile accident involving the plaintiff and a third party. For the reasons discussed below, the court will **GRANT** the motion for summary judgment.

## II. BACKGROUND

In 2012, the plaintiff, Robert James Mitchell, added one motorcycle, a 2012 Bonneville, to his Progressive Policy. (Doc. 19, at 6). On April 27, 2013, the plaintiff was involved in an automobile accident while riding his motorcycle. The plaintiff sustained severe injuries during the collision, the result of an underinsured driver making an illegal left-hand turn. (Doc. 15).

1

Shortly thereafter, the plaintiff submitted a claim for underinsured motorist (UIM) benefits as a result of the injuries sustained during the accident. (Doc. 15). On July 12, 2013, $100,000 in non-stacked UIM benefits were tendered to the plaintiff from the defendant.

On February 12, 2014, the plaintiff filed a complaint in the Lackawanna Court of Common Pleas alleging breach of contract against the defendant and seeking reformation of the contract to include stacked underinsured motorist coverage. (Case number 911-cv-2014). On March 3, 2014, the defendant filed a notice of removal. (Doc. 1). On March 5, 2014, the defendant filed an answer to the complaint containing affirmative defenses. (Doc. 5).

On January 14, 2015, the defendant filed a motion for summary judgement, (Doc. 13), along with a corresponding brief in support. (Doc. 15). On February 4, 2015, the plaintiff filed a brief in opposition to the motion for summary judgment. (Doc. 17). On February 16, the defendant filed it's sur reply. (Doc. 19).

### III. STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v.

Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249 ; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (holding that a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient

3

evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

## IV. DISCUSSION

Plaintiff's breach of contract claim contends that he is entitled to stacked underinsured motorists benefits. It is undisputed that the plaintiff rejected stacking at the inception of the policy at issue, but the plaintiff argues that because he did not execute a new stacking rejection form when he added the 2012 Bonneville motorcycle to his policy, he is still entitled to stack the UIM coverages. Stacking of UIM coverage provides that the insured is entitled to recover the sum total of each vehicles coverage under the policy in the event of an accident. However, the insured has the right to waive stacked coverage as such coverage typically comes with higher premiums. Powell v. Allstate Prop. and Cas. Ins. Co., 13-cv-5721 (E.D.Pa. July 21, 2014); Pa. Cons. Stat. Ann. §1738(b).

In the defendant's motion for summary judgment, Progressive argues that the plaintiff had validly rejected underinsured motorist coverage (UIM) when he initially purchased Progressive coverage in 2011, therefore the defendant argues that the plaintiff is not entitled to stacked UIM coverage for the 2013 accident.

As to a waiver of a stacked policy, the plaintiff cites to 75 Pa. C.S.A. §1738(c):

> (c) **more than one vehicle.** – Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase coverage as described in subsection (b). The premiums for an insured who exercises such waiver shall be reduced to reflect the different cost of such coverage.

In addition to the statutory language cited by the plaintiff, the defendant quotes section 1738(b): "a named insured may waive stacking of uninsured or underinsured coverages, in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured." 75 Pa. C.S.A. §1738(b).

Because the instant claims are based in Pennsylvania law, state law is controlling pursuant to Erie v. Tompkins, 304 U.S. 64, 78 (1938). Stacking is mandated in Pennsylvania under 75 Pa. C.S.A. §1738(a):

> When more than one vehicle is insured under one or more policies providing [UM/UIM] coverage, the stated limit for [UM/UIM] coverage shall apply separately to each vehicle so insured. The limits of coverage available under this sub-chapter for an insured shall be the sum of the limits for each motor vehicle

as to which the injured person is an insured.

The defendant first argues that the Third Circuit has held that an insurer has no duty to obtain a new stacking rejection form for an "additional vehicle" because the newly-acquired vehicle clause automatically extended continuous coverage to additional vehicles. (Doc. 15, at 4). The questions of whether and when insurers in the state of Pennsylvania must obtain new stacking waivers when additional vehicles are added to existing policies providing unstacked uninsured and underinsured motorist coverages are largely covered in a series of cases referred to as the Sackett Trilogy. Sackett v. Nationwide Mutual Insurance, 919 A.2d 194 (Pa. 2007) (Sackett I); Sackett v. Nationwide Mutual Insurance, 940 A.2d 329 (Pa. 2007) (Sackett II); Sackett v. Nationwide Mutual Insurance, 4 A.3d 637 (Pa. Super. 2010) (Sackett III).

In summary, in Sackett I, the Pennsylvania Supreme Court held that a new stacking waiver is required with the addition of a new vehicle to an existing policy. 919 A.2d 194 (Pa. 2007). Sackett II held that a new stacking waiver is not needed when the additional vehicle is added to an unstacked policy when the vehicle is added by a newly-acquired, or after-acquired, vehicle clause that is continuous and not finite. Sackett II, 940 A.2d 329 (Pa. 2007). Sackett III found that the after-acquired vehicle clause at issue was finite because it only extended coverage "during the first 30 days you own the vehicle unless it replaces your auto" and thus required a new stacking rejection. Sackett III, 4A.3d 637, 640-41 (Pa. Super. 2010).

The defendant argues that the Third Circuit has already ruled on the exact issue in the instant case in Seiple v. Progressive, 568 Fed. App. 183 (3d. Cir. 2014). In Seiple, the Third Circuit interpreted the identical policy language that is in the plaintiff's clause at issue in his policy. (Doc. 15, at 7). In analyzing the language of the clause itself, the Seiple court concluded:

> "Pursuant to this provision, any new motorcycle acquired by an insured during the policy period is automatically covered by the policy, so long as the insured pays any additional premiums and the additional motorcycle is not already covered. The 30-day notification period operates only to determine when coverage for the newly-acquired vehicle will begin. By its terms, this provision is continuous rather than finite. *See Sackett II*, 940 A.2d at 334 ("To the degree that coverage under a particular after-acquired-vehicle provision continues in effect throughout the existing policy period, subject only to conditions subsequent such as notice and the payment of premiums, ... *Sackett I* should not disturb the effect of an initial ... stacking waiver."). We, therefore, agree with the District Court's conclusion that the after-acquired clause at issue is continuous rather than finite in nature."
> Seiple, 568 Fed.Appx. 183, 186 (2014).

Accordingly, the defendant argues that as decided in Seiple, the after-acquired clause in the instant matter is continuous and not finite, and therefore a new stacking waiver was not required for the addition of the Bonneville motorcycle. (Doc. 15, at 7). Additionally, the defendant relies upon a subsequent case from the Eastern District of Pennsylvania that relied upon Seiple, Powell v. Allstate Prop. and Cas. Ins. Co., 13-cv-5721 (E.D. Pa. July 21, 2014). In that case, the Powell court held that the insurance company was not required to obtain a new stacking waiver because extending coverage under a newly-acquired vehicle clause was not equivalent to a "purchase" of

7

new coverage for stacking purposes. *Id.* Like the plaintiff in the instant case, the plaintiff in Powell argued that she was entitled to stacked coverage because the insurer did not obtain a new waiver. *Id.* In making its determination, the court analyzed the Sackett trilogy and found Sackett II to be controlling. *Id.* That is, no new waiver is required for vehicles added pursuant to a continuous newly-acquired vehicle clause. *Id.* Moreover, the defendant argues that the analysis in Powell that relied on Seiple is persuasive and supportive of its position that the after-acquired clause in the plaintiff's policy was continuous, thus requiring no new waiver for additional vehicles added.

Although Seiple is not binding precedent, this court finds the Third Circuit's reasoning highly instructive in that the after-acquired clause in the policy at issue was determined to be continuous and not finite. Hence, no new waiver was required when the plaintiff added the Bonneville motorcycle to the policy. It follows that the plaintiff would not be entitled to stacked UIM coverage.

In the alternative, the plaintiff argues that the Bonneville motorcycle was added by endorsement, rather than an after-acquired clause, which requires a stacking waiver. Thus, the plaintiff claims he is entitled to stacked UIM coverage because no waivers were obtained in the instant case. With this argument, the plaintiff relies heavily on a fourth case in the Sackett progeny, [Bumbarger v. Peerless, 2013 Pa. Super. 47 (2013)](), en banc reconsideration

granted, 93 A.3d 872 (Pa. Super. 2014). In Bumbarger, the plaintiff added vehicles to her unstacked policy, but no new waivers were obtained. *Id.* The defendant argued that no new waivers were required because the newly-acquired vehicle clause was continuous (not finite). *Id.* The *en banc* Pennsylvania Superior Court held that the after-acquired vehicle clause was irrelevant because the additional cars were added pursuant to the policy's endorsement provision immediately following their purchase. The Superior Court pointed out that the newly-acquired vehicle clause was finite and distinguished between newly acquired and replacement vehicles. Moreover, replacement vehicles were covered without notice to the insurer, but new, additional vehicles were not covered beyond the grace period without notice. As such, replacement vehicle coverage was continuous, newly-acquired vehicle coverage was finite, and new stacking waivers were required.

Essentially, the plaintiff argues that the central issue is whether the insurer had knowledge of the newly added vehicle at the time of purchase. A newly-acquired vehicle clause provides coverage in a situation in which the insurer does not yet have knowledge of the new vehicle; once the vehicle is listed in the policy, it is no longer a newly-acquired vehicle. (Doc. 17, p. 9). If the insurer did have knowledge of the new vehicle at the time of the completion of the applicable title work for the vehicle, the vehicle was added by endorsement; and if a vehicle is added by endorsement, a new stacking waiver is required. (Doc. 17, p. 10). An analysis of the wording of a newly-

9

acquired vehicle clause is only relevant if the insurer was not given notice of the insured's purchase of a new vehicle. Bumbarger, 93 A.3d at 879.

To the point of endorsement raised in the Bumbarger case, the plaintiff highlights testimony provided by Brian Haeflen, a corporate designate of Progressive. (Doc. 17, pp. 8-9). Mr. Haeflen testified that he did not know the meaning of "added by endorsement" and that he did not know how Progressive would add an additional motorcycle by policy language. (Doc. 17, p. 9). The plaintiff argues that this testimony "factually undermines" Progressive's position that "Robert Mitchell added the second motorcycle to the policy via the policy language and a new stacking rejection was not required." (Doc. 19, p. 9).

In response to the plaintiff's reliance on Bumbarger, the defendant argues that the motorcycle at issue was added via the after-acquired vehicle clause of the contract and not via endorsement as the plaintiff claims. Although Seiple was decided subsequent to Bumbarger, the Third Circuit did not acknowledge the Bumbarger decision (perhaps because it was only decided six days earlier). In Seiple, the Third Circuit rejected the argument that new vehicles were typically added by endorsement and instead held that the vehicles were usually added by newly-acquired vehicle clauses: "[a]ccording to Pennsylvania's Insurance Commissioner, the mechanism by which vehicles generally are added to existing policies is via 'newly acquired vehicle clauses.'" Seiple, 568 Fed. Appx. 183, 187 (2014) (citing State Auto

Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 88 n. 3 (3d Cir. 2009) (giving substantial deference to the Pennsylvania Insurance Commissioner's interpretation of stacking cases). Further, the Third Circuit stated that the fact that the insured's additions were construed as endorsements would have no impact on its holding. *Id.* ("*Sackett III* does not create a *per se* rule, as Seiple suggests, that vehicles added by endorsement require new stacking waivers without regard to the language in the after-acquired-vehicle clause.").

In addition, the plaintiff argues that there is a factual dispute in determining whether the motorcycle was added by endorsement. The plaintiff claims, *inter alia*, that stacking was not adequately explained to him and, as a result, he was unable to make an informed decision about his coverage. (Doc. 15, Ex. 1). Moreover, the plaintiff argues that a newly-acquired vehicle clause extends coverage only where the insured does not immediately notify the insurer of the new purchase. (Doc. 17, at 10). Further, the plaintiff argues that based on the "professed ignorance" of defendant's corporate designate, Brian Haeflen, the defendant insurer did not know of the newly-added motorcycle at the time the plaintiff purchased it. (Doc. 17, at 9).

In contrast, the defendant argues that they were not required to provide further instruction to the plaintiff to obtain a valid Stacking Rejection other than following §1738. Defendant's argument is based upon the Venetian Blind case, which states that:

"The goal of [interpretation] is, of course, to ascertain the intent of

11

> the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." [Standard Venetian Blind Co. v. Am. Empire Ins., 503 Pa. 300, 304, 469 A.2d 563, 566 (1983)](#).

Further, the defendant argues that the Third Circuit already determined that the language of this exact policy was clear, unambiguous, and enforceable in <u>Seiple</u>.

The court finds that there is no material factual dispute regarding this issue because whether the defendant had knowledge of the new purchase and the extent to which the defendant explained the coverage to the plaintiff does not affect this summary judgment determination.

Lastly, the defendant argues that "...a single vehicle policy is able to validly reject stacking," while the plaintiff argues that an insured can only stack a multi-vehicle policy and, accordingly, the defendant was required to get new stacking forms when the second motorcycle was added. The defendant again cites to <u>Seiple</u>, in which the Third Circuit held that the stacking waiver executed pursuant to §1738 was valid when executed at the inception of the plaintiff's policy when the policy only insured one motorcycle. (Doc. 15, at 14). The court is compelled by the reasoning in Seiple to agree with the Third Circuit in that the rejection of stacking by the defendant after the Bonneville motorcycle was added to the plaintiff's policy is valid.

## V. CONCLUSION

For the reasons discussed herein, the court **GRANTS** the motion for summary judgment. The after-acquired vehicle clause in the policy at issue is continuous and therefore a new stacking waiver was not required. Accordingly, the plaintiff's breach of contract claim fails and there can be no reformation of the plaintiff's insurance contract to include stacked UIM coverage. An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 29, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-384-01.wpd